UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case Nos. 11-MC-50959
and 05-MJ-80912

-vs-                                                          HON. AVERN COHN

JENNIE L. MOORE,

    Defendant.
_____/

## ORDER DENYING MOTION TO EXPUNGE

On October 18, 2005, Jennie L. Moore appeared on a criminal complaint charging her with wire fraud, in violation of 18 U.S.C. § 1342, 2, based on alleged involvement with others[1] in a mortgage fraud scheme. A few weeks later, on November 7, 2005, the government moved to dismiss the complaint. A magistrate judge granted the motion and dismissed the complaint without prejudice. No further charges were filed against Moore.

Before the Court is Moore's motion to expunge.[2] Although the Court understands the difficulties associated with a criminal record, there is a public interest in maintaining accurate court records. Moreover, while courts in this district once had the inherent

---

[1] The others alleged to have participated in the scheme were charged in an indictment. See United States v. Hooker, 05-CR-80897 (E.D. Mich. Oct. 6, 2005).

[2] The Court determines no response from the government is necessary and that this matter is appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

authority to expunge under extraordinary circumstances, the Court of Appeals for the Sixth Circuit has recently foreclosed that avenue of relief.  See United States v. Lucido, 612 F.3d 871 (6th Cir. 2010) (holding that in the absence of an applicable statute,[3] a district court lacks jurisdiction to entertain an expungement motion).  Accordingly, the motion is DENIED.

      SO ORDERED.

                       S/Avern Cohn
                       AVERN COHN
                       UNITED STATES DISTRICT JUDGE

Dated:  August 18, 2011

I hereby certify that a copy of the foregoing document was mailed to Jennie Moore, 35025 Pennington, Farmington Hills, MI 48335 and Karen Reynolds, AUSA on this date, August 18, 2011, by electronic and/or ordinary mail.

                       S/Julie Owens
                       Case Manager, (313) 234-5160

---

[3] The statutes which permit expungement do not apply to Moore..  See 18 U.S.C. § 3607(c) (allowing expungement for a conviction of simple drug possession under 21 U.S.C. § 844; 5 U.S.C. § 552a(g) (expungement to correct inaccurate government records); 42 U.S.C. § 14132(d); 10 U.S.C. § 1565(e) (expungement of DNA records).